# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Brian Kelly, | ) | Case No. 0:22-cv-1799-ECT-JFD |
| | ) | |
| Plaintiff, | ) | **DEFENDANT UNITED** |
| | ) | **PAYMENT CENTER'S** |
| vs. | ) | **MEMORANDUM OF LAW IN** |
| | ) | **SUPPORT OF MOTION TO** |
| United Payment Center Inc., | ) | **DISMISS PLAINTIFF'S** |
| | ) | **CLAIM FOR PUNITIVE** |
| Defendant. | ) | **DAMAGES PLED UNDER** |
| | ) | **MINN. STAT. § 549.20** |

## I.   INTRODUCTION

Defendant United Payment Center, Inc. ("UPC") respectfully submits the following Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Claim for Punitive Damages Pled under Minn. Stat. § 549.20.  In short – Plaintiff pled a statutory claim for punitive damages without seeking leave from this Court to do so, which is a violation of, and prohibited by, Minn. Stat § 549.191.  Based on relevant Minnesota law, and the allegations in the Amended Complaint, Plaintiff's claim for punitive damages pled under Minn. Stat. § 549.20 must be dismissed as a matter of law.

## II.   BACKGROUND

On July 15, 2022, Plaintiff filed a Complaint against UPC asserting claims for allegedly unlawful debt collection practices.  (ECF No. 1).  UPC filed its answer to Plaintiff's Complaint on October 17, 2022 (ECF No. 11).  On November 7, 2022, Plaintiff filed an Amended Complaint (ECF Nos. 16, 16-1), which removed his California Rosenthal Act[1] claim but which also added a

---

[1]   The Rosenthal Act creates a parallel cause of action under California law for violations of the Fair Debt Collection Practices Act. Cal. Civ. Code § 1788.17; *see Hernandez v. Downey Savs. & Loan Ass'n, F.A.*, 2009 WL 667406, *2 (N.D. Cal. Mar. 13, 2009). "The Rosenthal Act was

claim for punitive damages. Although the filing of Plaintiff's Amended Complaint was permissible under Fed. R. Civ. P. 15(a)(1)(B), Plaintiff's addition of a punitive damages claim under Minn. Stat. § 549.20 was improper and impermissible.

### III.   STANDARD OF REVIEW

The Supreme Court set forth the standard for evaluating a motion to dismiss under Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

When reviewing a motion to dismiss, the Court "must accept [the] plaintiff[s]'s specific factual allegations as true but [need] not ... accept a plaintiff[s]'s legal conclusions." *Brown v. Medtronic, Inc.,* 628 F.3d 451, 459 (8th Cir. 2010) (citing *Twombly,* 550 U.S.). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiffs. *Twombly,* 550 U.S. at 554–56. *Hebert v. Winona Cnty.*, 111 F. Supp. 3d 970, 974–75 (D. Minn. 2015).

"In the Federal Court of this District, the pleading of punitive damage claims, under causes of actions premised upon the law of the State of Minnesota, must generally conform to the

---

enacted by the California Legislature to protect citizens of California from unfair debt-collection practices." *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1036 (D. Minn. 2010), *aff'd*, 413 Fed. Appx. 925 (8th Cir. 2011). *See also Pollock v. Bay Area Credit Serv., LLC*, 08-61101-CIV, 2009 WL 2475167, at *12 (S.D. Fla. Aug. 13, 2009) ("the Court finds that the Act is meant to protect California consumers and not necessarily to prohibit violations by collection agencies with their headquarters located in the state but carrying out actions elsewhere.").

requirements of Minnesota Statutes Sections 549.191 and 549.20." *Olson v. Snap Products, Inc.*, 29 F.Supp.2d 1027, 1024 (D. Minn. 1998) (quoting *Ulrich v. City of Crosby*, 848 F.Supp. 861, 866 (D. Minn. 1994)); see *Bunker v. Meshbesher*, 147 F.3d 691, 696 (8th Cir. 1998); *Berczyk v. Emerson Tool Company*, 291 F.Supp.2d 1004, 1008 (D. Minn. 2003); *see Inline Packaging, LLC v. Graphic Packaging International, LLC*, no. 15-cv-3183 (ADM/LIB), 2018 WL 9919941, *4 (D. Minn. March 8, 2018), *objs. Overruled*, 351 F.Supp. 3d 1187 (D. Minn. 2018), *aff'd* 962 F>3d. 1015 (8th Cir. 2020) ("The discretion allowed a Federal Court under Rule 15(a) does not preclude or even conflict with the consideration of whether a party has also complied with Minn. Stat. § 549.191.").

## IV.  ARGUMENT

### A. Plaintiff failed to present a motion with prima facie, clear and convincing evidence supporting a claim for punitive damages.

Under Minnesota law, a plaintiff must comply with the requisites of Minn. Stat. §§ 549.191 and 549.20 in order to add a claim for punitive damages. Section 549.191 provides:

> Upon commencement of a civil action, ***the complaint must not seek punitive damages***. ***After filing the suit a party may make a motion to amend the pleadings to claim punitive damage***s. The motion must allege the applicable legal basis under section 549.20 or other law for awarding punitive damages in the action and ***must*** be accompanied by ***one or more affidavits*** showing the factual basis for the claim. At the hearing on the motion, if the court finds prima facie evidence in support of the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages.

Minn. Stat. § 549.191 (emphasis added); *American Family Mutual Insurance Company v. Graham*, no. 12-cv-53 (MJD/SER), 2013 WL 12176840, *4 (D. Minn. Sept. 9, 2013) ("Because a claim for punitive damages may not be included in an initial civil complaint, Defendants now move to include punitive damages in their Amended Counterclaims.").

On the motion, a party "need not demonstrate an entitlement to punitive damages per se, but only an entitlement to allege such damages." *Berczyk,* 291 F.Supp.2d at 1008. "[M]ere allegations in a complaint are not admissible evidence and are therefore insufficient to meet [a claimant's] burden under Section 549.191." *Moldex Metric, Inc. v. 3M Co.*, no. 14-1821 (NJE/FLN), 2015 WL 9861796, *3 (D. Minn. Sept. 4, 2015) (*citing Berczyk,* 291 F.Supp.2d at 1010). Thus, Section 549.191 requires a motion to precede pleading a claim for punitive damages and the statute imposes a "mandatory obligation on a party moving to plead punitive damages, to accompany its Motion with one or more affidavits. *Berczyk*, 291 F.Supp.2d at 1009-1010.

Here, Plaintiff pled a claim for punitive damages in his Amended Complaint without complying with Minn. Stat. 549.191. Plaintiff failed to present the Court with prima facie, clear and convincing evidence by way of motion and affidavit establishing his entitlement to plead a punitive damages claim against UPC ***prior to*** the filing of his Amended Complaint. Therefore, Plaintiff has failed to satisfy the requirements of Minn. Stat. § 549.191 and his punitive damages claim against UPC must be dismissed as a matter of law. *Berczyk*, 291 F.Supp.2d at 1009 (quoting *Swanland v. Shimano Indus. Corp., Ltd.*, 459 N.W.2d 151, 154 (Minn. Ct. App. 1990) ("The trial court may not allow an amendment where the motion and supporting affidavits to not reasonably allow a conclusion that clear and convincing evidence will establish the defendant acted with willful indifference.") (internal quotation and citation omitted)).

## V.   CONCLUSION

Plaintiff has done what Section 549.191 explicitly bars a plaintiff from doing, which is unilaterally pleading punitive damages in his Amended Complaint. A plaintiff who seeks to assert a punitive damage claim must obtain leave of the court to do so, based upon a prima facie showing

of entitlement. As established above, dismissal of Plaintiff's punitive damages claim against UPC is proper as a matter of law.

Date: November 21, 2022  **Gordon Rees Scully Mansukhani LLP**

*/s/ Jeremy J. Thompson*

Suzanne L. Jones, MN Bar No. 389345
Jeremy J. Thompson, MN Bar No. 402173
Gordon Rees Scully Mansukhani LLP
100 S. 5th Street
Suite 1900
Minneapolis, MN 55402
Ph: 612-364-1742
sljones@grsm.com
jthompson@grsm.com
*Attorneys for Defendant United Payment Center*