UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:22-cv-1799-ECT-JFD

| | |
|---|---|
| Brian Kelly,<br><br>　　　　Plaintiff,<br>v.<br><br>United Payment Center, Inc.,<br><br>　　　　Defendant. | **PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES** |

**INTRODUCTION**

Plaintiff files this memorandum in opposition to the Defendant's motion to the Court that Plaintiff's Claim for punitive damages be dismissed ("Defendant's Motion").

Defendant contends that Plaintiff was required to first motion this Court before pleading punitive damages in Plaintiff's Amended Complaint.[1] To the contrary, modern caselaw establishes that Rule 15 of the Federal Rules of Civil Procedure *preempts* the requirement of Minnesota Statutes Section 549.191 to first file a motion to the court before amending the pleadings to add a claim for punitive damages.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff's amended complaint complies with the requirements to amend the pleadings: Plaintiff filed the amended the complaint on November 7, 2022, within 21 days of Defendant's answer filed

---

[1] Defendant's *Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Claim for Punitive Damages Pled under Minn. Stat. § 549.20*. Dkt. #22 at p. 3.

- 1 -

on October 31, 2022. Simply put, Plaintiff is not required to follow the Minnesota statute requiring a motion before pleading punitive damages because the Federal Rules of Civil Procedure preempt Minnesota state law to the contrary.

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") was designed to protect consumers from illegal debt collection practices. Congress recognized that abusive, deceptive, and unfair debt collection practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."[2] The Federal Trade Commission ("FTC") recently noted that such practices "cause substantial consumer injury, including payment of amounts not owed, unintended waivers of rights, invasions of privacy, and emotional distress."[3] Illegal collection practices can also place consumers deeper in debt.[4]

In his amended complaint,[5] Plaintiff has alleged that the Defendant is liable for punitive damages because Defendant deliberately disregarded Plaintiff's right to be free from abusive debt collection practices under state and federal law, and because Defendant

---

[2] 15 U.S.C. § 1692(a).

[3] FTC Annual Report 2008: Fair Debt Collection Practices Act, Introduction, page 1. Available at http://www.ftc.gov/os/2008/03/P084802fdcpareport.pdf.

[4] *Id*.

[5] Plaintiff's complaint was amended once as a matter of course under Fed.R.Civ.P. 15(a)(1)(B). "'A party may amend its pleading once as a matter of course within ... 21 days after service of a motion under Rule 12(b)[.]' Fed. R. Civ. P. 15(a)(1)(B)." *Crandall v. Miller & Stevens, P.A.,* No. 20-CV-1793 (ECT/LIB), 2020 WL 6158214, at *2 (D. Minn. Oct. 21, 2020).

pretended it was a law firm and/or licensed to collect debts when it was neither. Minnesota law allows victims of such conduct the right to pursue punitive damages.

As alleged in Plaintiff's verified amended complaint, Defendant's illegal actions constitute a "deliberate disregard" for Plaintiff's rights and for the law that would permit a jury to properly assess punitive damages. Plaintiff has competently alleged *prima facie* evidence of Defendant's debt collection misconduct – evidence viewed as unrebutted – which could provide a legal basis for a jury to award punitive damages. Plaintiff has met his burden of alleging sufficient *prima facie* evidence in a verified complaint that the Defendant acted in deliberate disregard of his rights for punitive damages.

Pending before the Court is Defendant's motion to dismiss Plaintiff's claim for punitive damages under Minnesota Statute § 549.20. Plaintiff believes that this matter is suitable for submission without oral argument.

## ARGUMENT

I. **LEGAL STANDARD**

To determine whether conflicting state or federal procedural law applies, the court must first consider whether the laws address the same subject matter. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 599 U.S. 393, 398 (2010). If the laws address the same subject matter, the Court then considers whether the federal procedural law is valid under the Rules Enabling Act. *Id.* at 406-07. The federal procedural law governs the issue in the action and preempts the conflicting state law of the same subject matter if it is valid under the Rules Enabling Act. *In re Bair Hugger Forced Air Warming*

*Devices Prod. Liab. Litig.*, MDL No. 15-2666-JNE-FLN, 2017 WL 5187832, at *3 (D. Minn. July 27, 2017).

Federal Rules of Civil Procedure, Rule 15 provides in pertinent part:

> (a) Amendments Before Trial
> (1) *Amending as a Matter of Course.*[6] A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Minnesota Statutes, Section 549.191 provides in pertinent part:

> Upon commencement of a civil action, the complaint must not seek punitive damages. After filing the suit a party may make a motion to amend the pleadings to claim punitive damages. The motion must

---

[6] This District Court has defined the contours of Rule 15 amendments as a matter of course:

> Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure says that a party may amend a pleading "to which a responsive pleading is required"—and a complaint falls in that category—once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

*Ready 4 A Change, LLC v. Sourcis, Inc.*, No. 18-CV-01341 (ECT/ECW), 2019 WL 252028, at *1 (D. Minn. Jan. 17, 2019).

At the time Jidoefor made his first motion in *Jidoefor II* [ECF No. 9] and his motion in *Jidoefor III* [ECF No. 12], he could have amended as a matter of course after Freedom Specialty's motions to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B).

*Jidoefor v. Freedom Specialty Ins. Co.*, No. 21-CV-01609 (ECT/ECW), 2021 WL 6052517, at *6 (D. Minn. Dec. 21, 2021), *aff'd*, No. 22-1207, 2022 WL 2962057 (8th Cir. Apr. 20, 2022).

allege the applicable legal basis under section 549.20 or other law for awarding punitive damages in the action and must be accompanied by one or more affidavits showing the factual basis for the claim.

Moreover, Honorable Chief Judge Patrick J. Schiltz cogently framed this seeming conflict of laws regarding amendments for punitive damages by holding:

> Courts in the District of Minnesota have historically applied the state statute, Minn. Stat. § 549.191, rather than Rule 15, to motions to amend to add a claim for punitive damages, in diversity actions, such as the present action. *See, e.g.*, *Ulrich v. City of Crosby*, 848 F. Supp. 861, 866-69 (D. Minn. 1994) (addressing the standards applicable to a motion to amend under Minn. Stat. § 549.191). However, this practice has come under scrutiny over the last couple years in light of the apparent conflict between the Minnesota statute and Rule 15. *See, e.g.*, *In re Bair Hugger Forced Air Warming Devices Products Liab. Litig.*, MDL No. 15-2666 (JNE/FLN), 2017 WL 5187832 (D. Minn. July 27, 2017).
>
> Indeed, courts have recently taken another look at the practice and analyzed whether Rule 15 or Minn. Stat. § 549.191 should be applied in view of the 2010 United States Supreme Court's decision in *Shady Grove Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). The large majority of these courts now apply Rule 15 instead of Minn. Stat. § 549.191 when considering motions to add punitive damage claims. *See, e.g.*, *Mgmt. Registry, Inc. v. A.W. Companies, Inc.*, No. 017CV05009 (JRT/KMM), 2019 WL 7838280, at *14 (D. Minn. Sept. 12, 2019), *R.&R. adopted in part sub nom.*, 2020 WL 487315 (D. Minn. Jan. 30, 2020); *Barry v. Consolidated Asset Recovery Sys.*, 2019 WL 351339, at *2 n.1 (D. Minn. Jan. 29, 2019) ("In conformity with other recent decisions in this District, the undersigned concludes that Rule 15 and not Minn. Stat. § 549.191 controls the adjudication of motions to amend."); *In re McNeilus Mfg. Explosion Coordinated Litig.*, No. 17-CV-5237-PJS-KMM, 2019 WL 2387110, at *2 n.2 (D. Minn. June 6, 2019); *Williams v. Rodenburg LLP*, No. 17-CV-4962 (SRN/HB), 2018 WL 5801889, at *4 (D. Minn. Nov. 6, 2018) ("In a recent decision—and in conformity with other recent decisions in this District—the undersigned determined that Rule 15 and not Minnesota Statutes § 549.191 controls the adjudication of motions to amend."); *Shank v. Carleton College*, 16-CV-1154 (PJS/HB), 2018 WL 4961472, at *4 (D. Minn. Oct. 15, 2018), *aff'd*, 329 F.R.D. 610 (D. Minn. 2019); *In re Bair* Hugger, 2017 WL 5187832 at *4; *but see*, *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, No. 15-CV-3183 (ADM/LIB), 2018 WL 9919941, at *2 (D. Minn. Mar. 8, 2018), *objections overruled*, 351 F. Supp. 3d 1187 (D. Minn. 2018)

(finding the court is required to apply Minn. Stat. § 549.191 because Rule 15 and § 549.191 do not conflict).

…

Here, Rule 15 provides a "one-size-fits-all formula" for amendments. Rule 15 does not set forth an evidentiary requirement. Instead, as set forth above, the focus as to the viability of the proposed amendment under Rule 15 with respect to **all** claims and requests for relief focuses on futility, that is, whether an amended complaint alleges sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under Rule 8, so as to withstand a motion to dismiss under Rule 12(b)(6). On the other hand, a motion to amend to add punitive damages under § 549.191 requires in part "one or more affidavits showing the factual basis for the claim" outside of the proposed amended pleading and only allows the amendment if "the Court finds prima facie evidence in the support of the motion ...." Minn. Stat. § 549.191. Because Minn. Stat. § 549.191 attempts to answer the same question as Rule 15 regarding when an amendment should be permitted, § 549.191 cannot apply in a diversity action unless Rule 15 violates the Enabling Act.

*Hinton v. Sunbeam Prod., Inc.*, No. 17-CV-5184 (PJS/ECW), 2020 WL 13558407, at *4–5 (D. Minn. Mar. 6, 2020).

## II. LEGAL STANDARD TO AMEND PLEADING TO ASSERT A CLAIM FOR PUNITIVE DAMAGES UNDER MINNESOTA LAW.

In order to amend for punitive damages, "[a] plaintiff need only prove that he is entitled to *allege* such damage, not that he is actually entitled to them." *Ulrich v. City of Crosby*, 848 F.Supp. 861, 867 (D. Minn. 1994) (emphasis added). Under the state court schema for punitive damages amendments, it is well established that the Court "shall" grant the moving party permission to amend if it finds prima facie evidence in support of, and a legal basis for, the motion. *Ulrich,* 848 F.Supp. at 867; Minn. Stat. § 549.20, Subd. 1(a). "Prima facie evidence is evidence which, if unrebutted, would support a judgment in the party's favor." *McKenzie v. Northern States Power Co.,* 440 N.W.2d 183, 184 (Minn. Ct.

App. 1989). When deciding whether the plaintiff has established a *prima facie* case for punitive damages, the Court makes no credibility rulings and does not consider any challenge, by cross-examination or otherwise, to the plaintiff's proof. *Coy v. No Limits Education and Athletic Development, Inc.*, No. 15-93 (BRT), 2016 WL 7888047 at *2 (D. Minn. 2016), citing *Ulrich*, 848 F. Supp. at 867. As such, the Court is to view the evidence in the light most favorable to the Plaintiff without any explanation from Defendant about the import or meaning of it. *Coy*, 2016 WL 7888047 at *3. Evidence submitted in opposition to such a state court motion shall not be considered by the Court. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 870 F.Supp. 1499, 1503 (D. Minn. 1994); *Swanlund v. Shimano Indus. Corp., Ltd.*, 459 N.W.2d 151, 154 (Minn. Ct. App. 1990) (holding that the trial court should consider "only the evidence presented by [plaintiffs] without cross-examination or other challenge.") Nor shall the court draw any conclusions about the ultimate merits of the claims or defenses in the case. *Coy*, 2016 WL 7888047 at *3.

### A. Minn. Stat. § 549.20. Punitive Damages.

Minnesota Statute § 549.20 provides for "(p)unitive damages in civil actions upon clear and convincing evidence that the acts of the defendant showed deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20.

"Deliberate disregard" is defined by statute as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> > (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of

          others; or

          (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20, subd. 1(b). Accordingly, it is not necessary for a Defendant's conduct to have been malicious or willful—even though that is precisely what Plaintiff has plausibly alleged in his verified complaint and amended complaints filed herein. Punitive damages are also appropriate where Defendant's conduct exhibited a reckless disregard for the rights or safety of others. *Galbraith v. U.S. Premise Networking Services, Inc.*, 2002 WL 34077836, *citing Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan*, 494 N.W.2d 261, 268 (Minn. 1992).

    An award of punitive damages therefore requires: (1) knowledge or intentional disregard of facts that make injury to the plaintiff's rights highly probable; and (2) action despite such knowledge. *Coy*, 2016 WL 7888047 at *2. Deliberate disregard does not require the highest level of malicious or intentional behavior. Punitive Damages, 1990; Hearings on S.F. 1829 Before the Subcomm. On Civil Law of the Senate Comm. On Judiciary, 74th Legis., (Feb. 21, 1990) (statement of Sen. Morrow). "[A] defendant operates with 'deliberate disregard' by acting with intent or indifference to threaten the rights of others." *Berczyk v. Emerson Tool Co.*, 291 F.Supp.2d 1004, 1008 (D. Minn. 2003) (quoting *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1256 (8th Cir. 1994)). Punitive damages can be awarded in property damage cases as well as personal injury cases. *Jensen v. Walsh*, 623 N.W.2d 247, 251 (Minn. 2001). The purpose of awarding punitive damages is to deter the perpetrator and future actors from engaging in

similar conduct. Minn. Stat. § 549.20 subd. 3; *Jensen*, 623 N.W.2d at 251.

The statute also allows punitive damages to be assessed against a principal for acts done by an agent if:

> (a) The principal authorized the doing and the manner of the act, or
>
> (b) The agent was unfit and the principle deliberately disregarded a high probability that the agent was unfit, or
>
> (c) the agent was employed in a managerial capacity with authority to establish policy and make planning level decisions for the principal and was acting in the scope of that employment; or
>
> (d) the principal or managerial agent of the principal described in clause
>
> (e) ratified or approved the act while knowing its character and probable consequences.

*Minn. Stat. § 549.20, subd. 2.* Again, Plaintiff has plausibly alleged facts in his amended complaint support of the contention that the conduct engaged in by the persons employed to collect this debt was authorized and endorsed by this Defendant and therefore his amendments are not futile.

### III. THIS COURT SHOULD DENY DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES BECAUSE RULE 15 PREEMPTS THE MINNESOTA STATE LAW REQUIREMENT TO FIRST MOTION THE COURT BEFORE AMENDING THE PLEADINGS TO ADD A CLAIM OF PUNITIVE DAMAGES.

When confronted with this very issue, the late Honorable Magistrate Judge Steven Rau convincingly held: "Rule 15 governs amendments to add punitive damages claims." *Rogers v. Mentor* Corporation, No. 12-CV-2602 (SRN/SER), 2018 WL 2215519, at *1 (D. Minn. May 15, 2018). Federal Rule of Civil Procedure, Rule 15 preempts the Minnesota procedural requirement to first motion the court before amending the pleadings to add a claim of punitive damages. *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, MDL No. 15-2666-JNE-FLN, 2017 WL 5187832, at *4 (D. Minn. July 27, 2017) ("Given the Court's prior conclusion that Rule 15 and the Minnesota punitive damages statute both address the same subject matter, and because Rule 15 is valid pursuant to the Rules Enabling Act, the Court must apply Rule 15 in determining whether Plaintiffs may amend their [complaint] to allege a claim for punitive damages.")

Rule 15 of the Federal Rules of Civil Procedure and not Minnesota Statutes § 549.191 controls. *Rogers v. Mentor Corp.*, No. 13-cv-1929 (ADM/LIB), 2018 WL 2215519, at *8 (D. Minn. May 15, 2018), *aff'd sub nom Urbieta v. Mentor Corp.*, No. 13-1927-ADM-LIB, 2018 WL 3475484 (July 19, 2018). "Having carefully reviewed the issue and the recent cases, the Court concludes that the proper standard to apply is Rule 15 of the Federal Rules of Civil Procedure and not Minnesota Statutes § 549.191." *Shank v. Carleton College*, No. 16-cv-1154 (PJS/HB), 2018 WL 4961472, at *4 (D. Minn. Oct. 15, 2018).[7] In *Urbieta v. Mentor Corp.*, No. 13-1927-ADM-LIB, 2018 WL 3475484 (July 19,

---

[7] Following the meet-and-confer on this motion, Plaintiff provided Defendant's counsel with this case authority and other case authority clearly establishing that Rule 15 applies to this issue before the Court. Nevertheless, Defendant's counsel chose not to cite to this

2018), the court affirmed an order requiring the application of Rule 15 instead of Minnesota Statute Section 549.191.

### A. The Minnesota state law conflicts with and is of the same subject matter as Rule 15.

A state law is of the same subject matter if it "answers the question in dispute." *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987). "In determining whether there is a conflict between the Federal Rule and a state statute, [the consideration is] the procedural nature of the Federal Rule." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, MDL No. 15-2666-JNE-FLN, 2017 WL 5187832, at *2 (D. Minn. July 27, 2017). Rule 15 and Minnesota Statutes, Section 549.191, both address the same subject matter. *Id.* at *4.

Here, the question in the dispute is whether Plaintiff is required to first motion this Court before amending the pleadings to add a claim of punitive damages. Rule 15 prescribes the requirements to amend all pleadings in federal court, including amending a complaint to add a claim for punitive damages, whereas Minnesota Statute Section 549.191 provides the requirements to amend a complaint to add a claim of punitive damages. The two laws distinctly address the same subject matter because both laws address the requirements for amending a pleading for adding a claim of punitive damages.

---

authority which was inapposite to Defendant's position. Specifically, Plaintiff provided Defendant's counsel with the authority: *Urbieta v. Mentor Corp.*, No. 13-1927-ADM-LIB, 2018 WL 3475484 (July 19, 2018); and, *Shank v. Carleton College*, No. 16-cv-1154 (PJS/HB), 2018 WL 4961472 (D. Minn. Oct. 15, 2018).

The two laws are conflicting because Rule 15 allows a plaintiff to amend their complaint—as a matter of course—within 21 days of a responsive pleading; whereas, Minnesota state law includes the additional requirement that a plaintiff must motion the court before amending the complaint. Minnesota Statutes, Section 549.191, addresses the same subject matter and conflicts with Rule 15 because the laws each address the requirements for amending a complaint to add a claim of punitive damages and provide inconsistent requirements.

### B. Rule 15 is valid under the Rules Enabling Act.

The Rules Enabling Act authorizes the Supreme Court "to promulgate rules of procedure subject to [Congress's] review, 28 U.S.C. § 2072(a), but with the limitation that those rules 'shall not abridge, enlarge or modify any substantive right,' § 2072(b)." *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 599 U.S. 393, 406-07 (2010). "The mere fact that a state law is designed as a procedural rule suggests it reflects a judgment about how **state courts** ought to operate and not a judgment about the scope of state-created rights and remedies." *Id.* at 432 (Stevens, J., concurring) (emphasis added).

"Rule 15 is valid pursuant to the Rules Enabling Act, the Court must apply Rule 15 in determining whether Plaintiffs may amend their [complaint] to allege a claim for punitive damages." *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, MDL No. 15-2666-JNE-FLN, 2017 WL 5187832, at *4 (D. Minn. July 27, 2017).

Minnesota Statutes, Section 549.191 is purely a procedural statute which "reflects a judgment about how state courts ought to operate and not a judgment about the scope of state-created rights and remedies" because the statute merely provides the procedural

mechanism for a plaintiff to add a claim of punitive damages. Nothing in Minnesota Statutes, Section 549.191 describes substantive rights. Applying Rule 15 here, instead of Section 549.191, would not affect any substantive rights because Section 549.191 provides no substantive rights. Rule 15 is valid under the Rules Enabling Act because applying Rule 15 here, and preempting Minnesota procedural law would "not abridge, enlarge or modify any substantive right."

    **C. Caselaw cited by Defendant is inapplicable here.**

Defendant supports its position almost exclusively with caselaw that is now defunct and no longer followed by Minnesota district courts.[8] Modern caselaw demonstrates that Minnesota district courts must abide by the procedural rules of Rule 15, which preempts the application of Minnesota Statutes, Section 549.191.[9] While the case of *Inline Packaging, LLC v. Graphic Packaging International, LLC*, No. 15-cv-3183-ADM-LIB, 2018 WL 9919941 (D. Minn. March 8, 2018) ("Inline Packaging") disagreed with the decision in *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, MDL No.

---

[8] Defendant supports its position that Plaintiff is required to follow the procedural requirements of Minnesota Statutes, Section 549.191 with precedent existing before the issue was decided in 2017, in *In re Bair*. Defendant's Motion to Dismiss Plaintiff's Claim for Punitive Damages, pg. 2-3 ("*Olson v. Snap Products, Inc.,*29 F.Supp.2d 1027, 1024 (D. Minn. 1998) (*quoting Ulrich v. City of Crosby*, 848 F.Supp. 861, 866 (D. Minn. 1994)); *see Bunker v. Meshbesher*, 147 F.3d 691, 696 (8th Cir. 1998); *Berczyk v. Emerson Tool Company*, 291 F.Supp.2d 1004, 1008 (D. Minn. 2003)").

[9] *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, MDL No. 15-2666-JNE-FLN, 2017 WL 5187832, at *4 (D. Minn. July 27, 2017).

15-2666-JNE-FLN, 2017 WL 5187832 (D. Minn. July 27, 2017), the reasoning of *Inline Packaging, LLC* is inapplicable here.

In *Inline Packaging* at *4, the court found that there existed no conflict between Rule 15 and Minnesota Statutes, Section 549.191, under the reasoning that Rule 15 merely provides a discretionary measure for district courts to allow leave to amend. However, the court there relied on Rule 15(a)(2), which allows a district court to "freely give leave when justice so requires" in their discretion, and only for amendments not made under Rule 15(a)(1). *Id*. Here, Plaintiff relies on Rule 15(a)(1) which is not a discretionary measure but provides Plaintiff the right to amend its pleadings "as a matter of course." There exists a direct conflict between Rule 15 and Minnesota Statutes, Section 549.191, because Rule 15 provides Plaintiff with the right to amend its complaint as a matter of course whereas Section 549.191 would require Plaintiff to first motion the Court before amending its complaint. Defendant's cited caselaw is either outdated or inapplicable here.

**D. Rule 15 preempts other Minnesota statutes requiring the same procedural guidelines as § 549.191.**

In *Darmer v. State Farm Fire and Casualty Company*, No. 17-cv-4309-JRT-KMM, 2018 WL 6077985, at *1 (D. Minn. Nov. 21, 2018), the court considered whether the procedural requirements of Rule 15 preempted Minnesota Statutes § 604.18, which prevents a plaintiff from bringing a claim of bad-faith denial of insurance benefits at the outset of a civil action—requiring a plaintiff to first motion the court before amending the pleadings. The Minnesota district court there found that the procedural requirements were

in "direct conflict" with Rule 15 and that Rule 15 was valid under the Rules Enabling Act. *Id.* at *2. Therefore "Rule 15's standards must be applied." *Id.*

In *Selective Insurance Company of South Carolina v. Sela*, 353 F. Supp. 3d 847, 863, Chief Judge Patrick Schiltz wrote: "the Court holds that (1) subdivision 4(a) of Minn. Stat. § 604.18 conflicts with Rules 8 and 15 of the Federal Rules of Civil Procedure; (2) application of Rules 8 and 15 to Sela's motion for leave to amend his counterclaim does not violate the Rules Enabling Act; and therefore (3) Sela's motion for leave to amend his counterclaim to add a bad-faith claim is governed by Rules 6 and 15, and not by § 604.18."

Minnesota district courts clearly favor the application of Rule 15 over Minnesota statutes with differing and conflicting procedural requirements. The vast majority of district court decisions have determined that the lenient Rule 15 procedural requirements are directly in conflict to the difficult evidentiary proof and time encumbering requirements of Minnesota statutes requiring a plaintiff to first motion the court before amending a complaint. The precedent is well established: in district court cases, Rule 15 preempts the burdensome Minnesota statute requirements of sections 549.191 and 604.18.

**E. Argument in the alternative.**

In the event that the Court is inclined to grant Defendant's instant motion, Plaintiff requests that he be given thirty-days leave to amend beyond the current December 31, 2022, deadline set in the scheduling order. This deadline was set by the Court on November 16, 2022 (Dkt. #20), after the Plaintiff's amended complaint (Dkt. #16) was filed, but five days before Defendant met and conferred to articulate the basis of its motion to dismiss to Plaintiff on November 21, 2022 (Dkt. #23).

## CONCLUSION

This Motion by the defendant should be denied. Defendant's Motion is opposite to existing caselaw. Accordingly, Plaintiff respectfully requests that the Court DENY Defendant's motion to dismiss Plaintiff's claim for punitive damages contained within his amended complaint at Dkt. #16.

                                        Respectfully submitted,

                                        **THE BARRY LAW OFFICE, LTD**

Dated: December 8, 2022            By: s/ Peter F. Barry
                                                Peter F. Barry, Esq.
                                                Attorney I.D.#0266577
                                                333 Washington Ave No, Suite 300-9038
                                                Minneapolis, MN 55401-1353
                                                Telephone: (612) 379-8800
                                                pbarry@lawpoint.com

                                                ***Attorney for Plaintiff***