UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Kelly,<br><br>    Plaintiff,<br>v.<br><br>United Payment Center, Inc.,<br><br>    Defendant. | CASE NO. 0:22-cv-1799-ECT-JFD<br><br>**DECLARATION OF<br>BRIAN KELLY** |

I, Brian Kelly declare as follows:

1. That I am the Plaintiff in the above matter, over the age of 18 and competent to testify as to all matters contained in this Declaration if called upon to do so.

2. I am submitting this Declaration in support of my motion for summary judgment as to liability in the above-entitled action (the "Action").

3. I have reviewed all of the facts as alleged in the Complaint and Amended Complaint and they are true and correct to the best of my knowledge and recollection, except where alleged upon information and belief.

4. I live in Anoka County, Minnesota and I had an old debt to Citibank from around 2005 for a car loan I defaulted on because of poor financial circumstances.

5. Defendant debt collectors identified themselves as a law firm called Bradford and Associates when they tried to collect this debt from me and used spoofed local phone numbers to try to reach me through my mother, Mrs. Nancy Ann Kelly.

6. This alleged debt was beyond the statute of limitations in Minnesota, as it had been approximately 15 years since I had made a payment on it and I have lived

- 1 -

continuously and openly within the state of Minnesota since before 2000.

7. Sometime on or around June 29, 2022, Defendant communicated directly with me in an attempt to collect this stale debt by telephone in Minnesota.

8. After I had received a call from my mother, Nancy Kelly, indicating she had received a collection from Defendant, and Defendant had also left a voicemail for me, I called Defendant back.

9. During the course of this collection call with Defendant they repeatedly demanded payment of this alleged debt from me.

10. At the start of this collection call, Defendant's receptionist answered the phone "Bradford and Associates."

11. I asked for "Mary" and the receptionist stated that she was out in the field and they asked me if I had an extension or case number.

12. I gave the receptionist the case number that Defendant had provided to my mother and was then connected to Defendant's collection agent, as "Anthony Rubio."

13. Rubio told me that he needed to collect on a judgment filed against me concerning an auto loan that I had taken out in 2005 with Citiserv.

14. I asked Rubio what vehicle was associated with this alleged debt and Rubio told him that he didn't have that information ready.

15. I then asked if the account was for a 2001 F150 and Rubio confirmed that it was.

16. Defendant's debt collector Rubio then told me that I owed $10,400 on the debt and that they had a judgment against me for that amount.

17. Rubio told me that he should have received a letter from Defendant with that

information in it.

18. Rubio then illegally threatened me by telling him that Defendant would place a lien on my home and automobiles if the debt was not paid within a week.

19. I then asked Rubio if he was located in Minnesota and Rubio told me, "No, I'm in Pennsylvania" or words to that effect.

20. I then asked him if he knew the statute of limitations on how long you can collect a debt in Minnesota and Rubio responded, "I'm not collecting on a debt I'm filing a judgment against you for that debt" or words to that effect.

21. I then told Rubio the debt had already been settled to which he responded, "I thought you just asked about how long I can collect on a debt and now you are saying it has been settled, which is it?" or words to that effect.

22. I then told Rubio that the debt had been settled and that he would get back to Defendant later.

23. Defendant's collector Rubio then again demanded payment for this stale debt, after lying about having gotten a judgment against me and implying that Rubio was a lawyer capable of obtaining such a judgment.

24. I reiterated my position that this debt had been settled and ended the call with Defendant's debt collector.

25. During this communication, Defendant's collection employee demanded payment for this alleged consumer debt from me.

26. On or about June 29, 2022, Defendant left a voicemail for me indicating that they were calling from "Process Service Dispatch" and that they had legal documents

which required a signature that day.

27. The message said that they related to a lien which was placed on my home address on Galaxy Drive in Circle Pines, Minnesota.

28. The message from "Mary" went on to say that Plaintiff should contact the issuing "firm" at (866) 709-8145 with case number 2022-413072 if I had any questions.

29. I provided a copy of this voicemail to my attorney.

30. I was very upset by this collection activity by Defendant.

31. I was worried that I might lose my home and/or my vehicles because of Defendant.

32. I was frightened, intimidated, and worried sick about what might happen to me and to my financial situation because of Defendant's efforts to collect this stale debt.

33. Defendant engaged in shocking and abusive debt collection tactics with me.

34. I was extremely embarrassed that this debt collector contacted my elderly mother, disrupted her day, lied to her about Plaintiff only having a week to handle this matter, and demanded payment from her for this debt.

35. I am hurt and embarrassed that my mother was verbally harangued by Defendant for this debt.

36. My mother was not a cosigner or obligor on this auto loan and I did not give Defendant permission to discuss this matter with her.

37. I was very upset and rattled by Defendant's conduct toward my mother and toward me in attempting to collect this 16-year-old debt which I learned was well beyond the statute of limitations.

38. I was intimidated by the threats that Defendant made to sue me and thereby damage

my credit.

39. The threats of a lawsuit by Defendant's employees were scary and confusing to me and I did not know whether or not he should possibly pay this stale debt or risk being sued.

40. I was worried that a lawsuit against me would ruin my credit and subject me to the loss of his home and/or vehicles.

41. Attached hereto as **Exhibit A** is a true and correct copy of a page from my June 29, 2022, Experian Credit Report showing an inquiry by Defendant United Payment Center, Inc. with appropriate redactions to irrelevant matter.

42. Because of Defendant's claims that I had financial liability for this stale debt, I was required to take time off of work to handle, assess, and work out the financial risks that Defendant threatened, and to determine a course of action in response to those threats. I was genuinely scared by Defendant and what it might do and I felt sick to my stomach from its collection calls.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Respectfully submitted,

Dated: 04/25/2023

Signature: Brian Patrick Kelly (Apr 25, 2023 12:39 CDT)

Brian Kelly, Plaintiff

# Declaration of Brian Kelly

Final Audit Report 2023-04-25

| | |
|---|---|
| Created: | 2023-04-25 |
| By: | Peter Barry (pbarry@lawpoint.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAxKBavXfDB5vM3hmssdZbAqdeqNDiBvee |

## "Declaration of Brian Kelly" History

- Document created by Peter Barry (pbarry@lawpoint.com)
  2023-04-25 - 3:44:04 PM GMT- IP address: 66.41.171.65

- Document emailed to bpk55014@yahoo.com for signature
  2023-04-25 - 3:44:58 PM GMT

- Email viewed by bpk55014@yahoo.com
  2023-04-25 - 5:34:44 PM GMT- IP address: 69.147.86.138

- Signer bpk55014@yahoo.com entered name at signing as Brian Patrick Kelly
  2023-04-25 - 5:38:58 PM GMT- IP address: 172.58.87.107

- Document e-signed by Brian Patrick Kelly (bpk55014@yahoo.com)
  Signature Date: 2023-04-25 - 5:39:00 PM GMT - Time Source: server- IP address: 172.58.87.107

- Agreement completed.
  2023-04-25 - 5:39:00 PM GMT

**Adobe Acrobat Sign**