## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Kelly,<br><br>      Plaintiff,<br><br>v.<br><br>United Payment Center, Inc.,<br><br>      Defendant. | **Case No.: 0:22-cv-1799-ECT-DLM**<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTFF BRIAN KELLY'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

## I.     INTRODUCTION

This Memorandum is submitted in support of Plaintiff Brian Kelly ("Plaintiff")'s Motion for Attorneys' Fees and Costs following the acceptance of the Rule 68 Offer of Judgment made in this case. (Dkt. #53). Pursuant to the terms of the Offer of Judgment, Defendant United Payment Center, Inc. ("Defendant") offered to pay Plaintiff's attorneys' fees and costs as determined by the Court. Despite good faith efforts to negotiate fees, Plaintiff has been unable to reach a fair settlement of these fees and now seeks the Court's approval of his fees and costs for successfully litigating this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), Drivers Privacy Protection Act, 18 U.S.C. § 2722 *et seq.* ("DPPA"), and other causes of action. Moreover, the FDCPA, DPPA, and FCRA each mandate an award of reasonable attorney fees and costs. 15 U.S.C. § 1692k(a); 15 U.S.C. § 1681n(a); 18 U.S.C. § 2724(b)(3). Plaintiff respectfully requests that the Court grant this motion in full.

## II. FACTS

Plaintiff brought this case against Defendant for the illegal collection calls, predatory tactics, impermissible credit inquiries, and illegal driver record investigations conducted by Defendant. Defendant disguised itself as a law firm and a process server during calls to Plaintiff and Plaintiff's mother, fraudulently stating that Defendant had obtained a judgment against Plaintiff and required Plaintiff's address for service of process. *See* Amended Complaint (Dkt. #16).

## III. ARGUMENT

### A. PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER THE TERMS OF DEFENDANT'S RULE 68 OFFER OF JUDGMENT, AND UNDER THE FDCPA, FCRA, AND DPPA.

Attorneys' fees and costs in this case are mandated under Defendant's Rule 68 Offer of Judgment, the FDCPA, FCRA, and DPPA. Defendants' Rule 68 Offer of Judgment reads in relevant part:

> Judgment will be taken against UPC, and in favor of Plaintiff as follows: (a) Payment to Plaintiff in the amount of ten thousand dollars ($10,000) together with his reasonable attorneys' fees and costs to be determined by the court . . . .

(Dkt. #53-1). Accordingly, Plaintiff is entitled to reasonable attorneys' fees and costs as expressly agreed to by Defendant in its Offer of Judgment. Since the parties have been unable to agree upon attorneys' fees and costs, Plaintiff now brings this Motion seeking the Court's determination of those fees and costs.

Likewise, the fee-shifting provision of the FDCPA provides for the mandatory award of attorneys' fees and costs. The fee-shifting provision states in relevant part:

> (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> . . .
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a). Awards of attorneys' fees and costs are thus mandatory under the FDCPA, not special or discretionary. *See Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991) (affirming that "the Act mandates an award of attorney fees"). As such, the mandatory award of attorneys' fees included in the FDCPA plays an integral part in "fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general." *See Zagorski v. Midwest Billing Svcs, Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997); *see also Armstrong v. Rose Law Firm, P.A.*, civ. no. 00-2287, 2002 WL 31050583 *1 (D. Minn. 2002) (*citing Graziano*, 950 F2d at 113).

Plaintiff is further provided mandatory attorneys' fees and costs for successfully obtaining judgment against Defendant under Plaintiff's FCRA claim:

> (a) Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
> . . .
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a). "We have no doubt that Congress intended in authorizing attorney's fees in lawsuits under the FCRA . . . ." *Bryant v. TRW, Inc.*, 689 F. 2d 72, 79 (6th Cir. 1982) *citing* 15 U.S.C. §§ 1681n, 1681o. Calculation of fees in terms of hours of service is

the fairest and most management approach to awards of attorney fees under the FCRA. *Id*. "Under FCRA, Congress directed courts to award 'the costs of the action together with reasonable attorney's fees' to a consumer 'in the case of any successful action to enforce liability." *Denton v. PennyMac Loan Services, LLC*, 252 F. Supp. 3d 504, 510 (E.D. Va. 2017). *citing* 15 U.S.C. §§ 1681n(a)(3).

Pursuant to the DPPA, attorneys' fees and costs are further mandated under the relevant fee-shifting statute:

> (a) A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter, shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.
> . . .
> (b) The court may award—
> (1) actual damages, but not less than liquidated damages in the amount of $2,500;
> (2) punitive damages upon proof of willful or reckless disregard of the law;
> (3) reasonable attorneys' fees and other litigation costs reasonably incurred . . . .

18 U.S.C. § 2724.

"Reasonable attorneys' fees are available for prevailing parties under the DPPA." *Ela v. Destefano*, 869 F. 3d 1198, 1203 (11th Cir. 2017). "[T]he court may award 'reasonable attorneys' fees and other litigation costs reasonably incurred" under the DPPA. *Orduno v. Pietrzak*, 932, F. 3d 710, 719 (8th Cir. 2019) *quoting* 18 U.S.C. § 2724(b)(3).

> Trial-court judges need not 'become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.'

*Nguyen v. Foley*, Case No. 21-cv-991-ECT-TNL, 2021 WL 1026477, at *3 (D. Minn. Apr. 6th, 2022) *quoting Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, where Plaintiff has brought a successful action against Defendants under the FDCPA, FCRA, and DPPA, Plaintiff is entitled to reasonable attorneys' fees and costs as determined by this Court. Without a doubt, Plaintiff has been fully successful having prevailed in this matter and getting *more* than the maximum statutory damages of $1,000 under the FDCPA, $1,000 under the FCRA, and $2,500 under the DPPA—receiving and accepting an offer for $10,000 (2.22 times the maximum statutory damages of $4,500).

**B.     AS THE PREVAILING PARTY, PLAINTIFF IS ENTITLED TO FULL ATTORNEYS' FEES BECAUSE HIS ATTORNEYS' TIME WAS REASONABLY EXPENDED AND THE ATTORNEYS' HOURLY RATE IS REASONABLE.**

"To calculate attorney's fees, courts typically begin by using the lodestar method, which multiples the number of hours reasonably expended by reasonable hourly rates. When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Bryant v. Jeffrey Sand Co.*, 919 F. 3d 520, 529 (8th Cir. 2019); *see also In re RFC*, 399 F. Supp. 3d 827, 846 (D. Minn. 2019) ("Generally, to determine whether an hourly rate is reasonable, courts look at the rates 'prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation.'" [*quoting Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)])

*Nguyen v. Foley*, Case No. 21-cv-991-ECT-TNL, 2021 WL 1026477, at *3 (D. Minn. Apr. 6th, 2022).

The lodestar method, wherein the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," is used to determine what amount a prevailing party should be awarded for attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Armstrong v. Rose Law Firm, P.A.*, *supra*, (applying the Lodestar

method in an FDCPA action). This requires the Court to consider 1) the plaintiff's overall success; 2) the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and 3) the efficiency with which the plaintiff's attorney conducted that activity. *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

Factors that may be considered in calculating the lodestar include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430, n.3.

However, "[t]he most critical factor is the degree of success obtained." *Id.* at 436; *Zagorski*, 128 F.3d at 116; *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995.) A plaintiff may be considered a "prevailing party" for attorney fees purposes if the plaintiff "succeed[s] on any significant issue in litigation which achieves some of the benefit sought in bringing suit." *Hensley*, 461 U.S. at 424. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* at 435.

Furthermore, in a lawsuit brought under consumer rights statutes such as FDCPA, FCRA, and DPPA, unlike in other tort lawsuits, it is important to consider that the plaintiff is seeking to vindicate important rights that go beyond mere monetary value. *Tolentino*, 477 U.S. at 651-52 (*quoting City of Riverside v. Rivera*, 477 U.S. 561 (1986)); *see also,*

*e.g., Wal-Mart Stores, Inc., v. Barton*, 223 F.3d 770, 773 (8th Cir. 2000) (finding "damages awards do not reflect fully the public benefit advanced."). Thus, seemingly low monetary recoveries in a consumer case often signify excellent results because important rights as a consumer have been vindicated.

In this case, where Plaintiff accepted an offer for $10,000 in resolution of his claims, Plaintiff's attorney achieved a complete victory. Not only were Plaintiff's rights as a consumer upheld, but he is to receive more than his full measure of statutory damages under the FDCPA, FCRA, and DPPA combined—holding the Defendant responsible for violating Plaintiff's consumer rights. An award of 2.22 times the maximum statutory damages and the satisfaction of justice signify an excellent result in this case. As such, Plaintiff's attorney is entitled to be compensated fully for the fees and costs he incurred in this matter.

In an FDCPA case that the undersigned counsel litigated in this District, the Court succinctly framed and analyzed the very issues this Court again faces:

> Finally, Defendant asserts that Plaintiffs attorney spent an unreasonably large amount of time performing certain tasks in connection with the present suit.
>
> Plaintiff responds that Defendant caused the protracted litigation in the present suit. She states that Defendant made much of the discovery and briefing in this case necessary by pursuing the ultimately unsuccessful defense that the obligations arising from a worthless check do not constitute a debt under the FDCPA.
>
> Plaintiff also argues that given the simplicity of the case, Defendant should have made an Offer of Judgment under Fed. R. Civ. P. 68, to limit the amount of litigation necessary.
>
> The Court finds that Plaintiff's attorney spent a reasonable amount of

time working on the present case. Nothing in the record indicates that Plaintiffs attorney pursued unreasonably time consuming strategies. The Court recognizes that Defendant was free to pursue its theory of defense and incorporate it into a motion for summary judgment. But the result of Defendant's strategy was further litigation. And because its theory failed, Defendant is now obligated to pay the fees Plaintiff incurred while her attorney was responding to this defense. See McGowan v. King, Inc., 661 F.2d 48,51 (5th Cir. 1981).

…

Defendant argues that awarding Plaintiff the full amount of fees and requests she seeks would amount to a windfall. It stresses that the statutory damages totaled only $1,000, but that Plaintiffs attorney states the total fees and costs in connection with the suit total more than $40,000.

The Court finds that Plaintiffs attorneys' fees and costs are reasonably proportional. While they far exceed the statutory damage award in the present case, Plaintiff did not choose to create this disparity. Defendant aggressively defended this case, as was its right.

…

The FDCPA contains a fee shifting statute to ensure that meritorious parties such as Plaintiff can attract competent legal representation. In the present case, Plaintiff's attorney achieved success on the statutory damages claim. In addition, her attorney's time sheets do not indicate that he expended wasteful amounts of time, or money during the course of representation. Therefore, the Court will award the full amount requested.

*Armstrong v. Rose Law Firm, P.A.* (USDC D.Minn. Case 0:00-cv-02287-MJD-SRN, Order, Sept. 4, 2002).

### C. PLAINTIFF'S ATTORNEY EXPENDED A REASONABLE NUMBER OF HOURS TOWARD THE RESOLUTION OF THIS CASE.

The Court must first determine whether the amount of time Plaintiff's counsel spent on this case was reasonable given the results obtained and the difficulty of obtaining those results. Ultimately, the determination of the reasonable number of hours expended rests in the sound discretion of the trial court, which must "provide a concise but clear explanation

of its reasons for the fee award." *Hensley*, 461 U.S. at 437.

Here, Plaintiff's attorney obtained an excellent result for his client and worked towards a prompt resolution of the case. Moreover, Defendant here violated the FDCPA through predatory collection attempts and tactics, including illegal collection calls and impersonating a law firm and process server in violation of Minnesota's unauthorized practice of law statute. Defendant further violated the FCRA by performing an impermissible inquiry of Plaintiff's credit report, and violated the DPPA by illegally obtaining Plaintiff's motor vehicle record. Through prosecution of this action, Defendant's Motion to Dismiss Plaintiff's punitive damages claim failed to genuinely consider the modern trend of this District—to procedurally allow the addition of a punitive damages claim via amendment as a matter of right and without the need to request leave to amend. While Plaintiff prevailed against Defendant's Motion to Dismiss, these sorts of tactics inevitably cost money and drove up the costs of litigation.

Plaintiff's attorney has produced time records which detail the work and amount of time put forth in this case. *Barry Dec. Ex. 2.* Attorneys' fees incurred while drafting this motion are also properly included in the lodestar figure, as "compensation for time necessarily spent in preparing a fee petition is appropriate in cases where attorneys' fees are authorized by statute." *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1314 (8th Cir. 1981). "'With respect to "fees on fees," time spent preparing fee applications is generally compensable. However, such fees should not be excessive.'" *Nguyen v. Foley*, Case No. 21-cv-991-ECT-TNL, 2021 WL 1026477, at *4 (D. Minn. Apr. 6th, 2022) *quoting Rosen v. Wentworth*, 13 F. Supp. 3d 944, 953 (D. Minn. 2014). "There is no reason to think that

[15.5 hours and $4,500 in fees spent on a motion for attorneys' fees] is unreasonable." *Id*.

Plaintiff also wisely used the resources of a paralegal billing at about 1/3 the rate of attorneys on this case.

Here, Plaintiff's attorney should be compensated for preparing this fee petition because attorneys' fees are authorized by the FDCPA, FCRA, and DPPA, and Plaintiff completely prevailed in this action:

> An offer of judgment pursuant to Rule 68 "limits a plaintiff's ability to recover <u>costs</u> incurred after the date of the offer." *Paz v. Portfolio Recovery Assocs., LLC*, 924 F.3d 949, 953 (7th Cir. 2019); *see also* FED. R. CIV. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). The rule's purpose is to encourage settlement and to discourage protracted litigation. *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 691 (7th Cir. 2013). The Rule's limit on a plaintiff's recovery of costs often limits the recovery of attorneys' fees in fee-shifting cases. *Paz*, 924 F.3d at 953. Rule 68 incorporates the definition of "costs" from the relevant fee-shifting statute, and therefore cuts off recoverable attorneys' fees after a Rule 68 offer when the statute defines "costs" to include attorneys' fees. *Paz*, 924 F.3d at 953 (7th Cir. 2019) (citing *Marek v. Chesny*, 473 U.S. 1, 9 n.2 (1985)). However, in setting forth the damages to which a plaintiff in a "successful action" is entitled, the FDCPA separates costs and attorneys' fees. *See* 15 U.S.C. § 1692k(a)(3). Therefore, a prevailing party in an FDCPA action is entitled to attorneys' fees notwithstanding Rule 68. *Paz*, 924 F.3d at 953. Because Plaintiff was successful in obtaining judgment against Defendant, she is entitled to reasonable attorneys' fees under the FDCPA.

*Lloyd v. Credit Servs. Int'l, Inc.*, No. 18 C 4267, 2019 WL 5311843, at *2 (N.D. Ill. Oct. 21, 2019). If an offer of judgment does not explicitly specify that an award of attorneys' fees is limited to the fees incurred before the date of the offer, a successful plaintiff can be awarded fees under the FCRA for preparation of the fee petition. *Guerro v. Cummings*, 70 F. 3d 1111, 1113-14 (9th Cir. 1995). This is a just result. If it were otherwise, a Defendant

would be free to refuse to settle the attorneys' fees and costs following a Rule 68 offer and force a Plaintiff to have to fight uncompensated to recover their fees.

Common sense and experience lends support to the simple notion that when a defendant fights hard in a consumer action, and thereby creates additional work, larger fees will be incurred just as in any other type of action. *See Armstrong, supra* (finding Defendant in a FDCPA case was obligated to pay Plaintiff $43,180 in attorneys' fees and $1,475 in costs after it chose to pursue its theory of defense); *Sonmore v. Checkrite*, *et al*, Civ. No. 99-2039 DDA/FLN (D.Minn.1999) (awarding Plaintiff $82,000 for attorneys' fees and $16,326.97 for costs, a total of $98,326, in a FDCPA case); *Tolentino*, 46 F.3d at 652-653 (finding attorney fee award of only $10,132.50 under FDCPA based on hourly rates lower than attorneys' normal rates of $275 per hour and $225 per hour was abuse of discretion, even though debtor had no actual damages and $1,000 in statutory damages).

In sum, Plaintiff's attorneys expended a great deal of effort on this case, accumulating significant fees and costs because of Defendant's defense strategies and general approach to this case. Despite Defendant's litigation strategy, Plaintiff's attorneys were able to fully vindicate Plaintiff's rights and obtain an excellent result. Therefore, all factors considered, the Court should find that Plaintiff's attorney expended a reasonable number of hours on this case.

### D. THE HOURLY RATE CHARGED BY PLAINTIFF'S ATTORNEY IS REASONABLE.

The Court's next inquiry is whether Plaintiff's attorney's hourly rate is reasonable. In making this determination, a court should consider the prevailing market rate for similar

services in the community for work performed by "lawyers of reasonably comparable skill, experience, and reputation." *McDonald v. Armontrout*, 860 F.2d 1456, 1458-59 (8th Cir. 1998). This District Court has found that the reasonable rate for attorney with 30 years of experience in the underlying field of practice is $885 an hour, whereas an experienced senior associate's reasonable hourly rate is $560, and other associates' rates are reasonably between $435 and $460 an hour. *Nguyen v. Foley*, Case No. 21-cv-991-ECT-TNL, 2021 WL 1026477, at *4 (D. Minn. Apr. 6th, 2022)

In a case litigated in this District, the Court has held:

> $550 is a reasonable hourly rate for Mr. Barry's services in this matter. By obtaining an Offer of Judgment in excess of the maximum statutory damages under the FDCPA, Mr. Barry obtained complete success for his client. Moreover, Mr. Barry is a very experienced attorney: He has practiced FDCPA litigation for nearly 25 years, has taught federal consumer law at Mitchell Hamline School of Law since 2003, and has a wealth of litigation experience in this practice area. Hashi has submitted numerous declarations from local consumer law litigators, who each testify that Mr. Barry's rate is reasonable in this community.

*Hashi v. Law Offices of David M. Katz P.C.*, Case No. 20-cv-02443-SRN-ECW, 2011 WL 1263720, at *2 (D. Minn. Apr. 6th, 2021).

Here, Plaintiff was represented by highly experienced, nationally renowned, and highly reputable attorneys in the area of FDCPA, FCRA, and consumer litigation. Plaintiff requests that this Court approve the hourly rate of his attorneys. Attorney Peter Barry has an extensive background as a consumer rights attorney, which includes successful jury verdicts and settlements for thousands of FDCPA claims in Minnesota and nationwide on behalf of individual and class consumers. Furthermore, Mr. Barry is recognized as a

national expert in FDCPA litigation having been featured on collection abuse news stories for every major television network as well as the New York Times, Wall Street Journal, City Pages, and the Washington Post, amongst others. Mr. Barry has also trained thousands of attorneys from all 50 states and Puerto Rico in an intensive multi-day FDCPA litigation seminar. Mr. Barry has taught as an adjunct Federal Consumer Law Litigation at Mitchell Hamline School of Law, Saint Paul, Minnesota, since 2003. *See generally, Barry Dec., Ex. 1.*

Mr. Barry volunteered for 12 years as a 4th District Investigator in Hennepin County and volunteers for the Federal Pro Se Project where he has plied his significant litigation skills. In March 2010, Mr. Barry was a featured speaker before several hundred collection agency executives and general counsels throughout the United States, in a 2-hour teleconference with the American Collectors Association ("ACA") to discuss the CARD Act Amendments. He was the first Plaintiff's attorney to ever be asked to participate in such a conference in the ACA's history. The ACA represents more than 125,000 debt collectors in the United States. *Id.*

As Mr. Barry's knowledge and experience have increased over the years, so too have his professional rates. Mr. Barry's hourly rate is also consistent with attorney-fee awards in this district for lead attorneys in similar types of cases. *See Hixon v. City of Golden Valley*, Civ. No. 06-1548, Doc. No. 170 (D. Minn. December 13, 2007) (finding a rate of $400 per hour reasonable and consistent with prevailing market rates); *Gupta v. Arrow Financial Services, LLC, Gurstel, Staloch & Chargo, P.A.,* Civ. No. 0:09-cv-03313-SRN-SER, Doc. No. 57 (D. Minn. March 29, 2012) (Mr. Barry was approved at $425.00

per hour for worked performed between 2009-2011); *Hashi v. Law Offices of David M. Katz P.C.*, Case No. 20-cv-02443-SRN-ECW, 2011 WL 1263720, at *2 (D. Minn. Apr. 6th, 2021) (Mr. Barry's lodestar attorney fee rate was approved at $550.00 per hour in a FDCPA consumer law case for work performed between 2020 and 2021.). In short, Mr. Barry's nearly 27 years of experience in FDCPA litigation justifies his current hourly rate of $600. In support of that hourly rate, Mr. Barry also attaches to his own declaration, as exhibits, six additional declarations from experienced federal consumer rights litigators in Minneapolis. Each of these skilled practitioners testifies as to their knowledge of Mr. Barry and the prevailing consumer law hourly rates in the Twin Cities, and provides an endorsement of Mr. Barry's rate of $600 per hour. *Barry Dec., Ex. 4.*

This District Court's Honorable Magistrate Judge Jeffrey J Keyes, while awarding attorneys' fees in an FDCPA case, reflected on the skill required in litigating consumer cases in federal court. Honorable Magistrate Judge Jeffrey J. Keyes stated in pertinent part:

> The Court also notes that the skill-set that must be brought to bear by the litigation counsel in a consumer-protection case in federal court is comparable to that of any attorney who must litigate a complex federal statutory scheme through the federal court system, whether the federal case involves employment statutes, civil rights law, or the myriad other federal statutes that provide damage remedies. There is a level of skill required in litigating cases in federal court that has to be taken into account in determining the fee award.

*Phenow*, Civ. No. 10-2113 (D. Minn. March 1, 2011), *supra*.

Ultimately, Mr. Barry practices regularly before this District, and he has the requisite level of skill, experience, and reputation to justify the hourly rate requested in this case.

- 14 -

Attorney Josh Swigart has extensive experience litigating complex consumer rights claims for nearly 20 years, primarily in the area of fair debt collections, class action litigation under the Telephone Consumer Protection Act, false advertising actions, and the FCRA. *See generally Decl. Swigart*. Mr. Swigart is admitted in every federal district in California, the 9th Circuit Court of Appeals, and the United States Supreme Court. *Id*. Mr. Swigart has been an honorary speaker at many different events and conferences, including numerous times at the National Consumer Law Center Conference between 2009 and 2016, the ABA teleconference on defending consumer credit card debt and related issues, and the ABA National Conference on the topic of Trends in Consumer Litigation. *Id*.

Mr. Swigart's expertise and skill has exponentially increased over the years—so too his professional rates. *Id*. While Mr. Swigart was most recently approved for a lodestar rate of $795.00 per hour, in the Southern District of California (*Greenley et al. v. Mayflower Transit, LLC*, 21-cv-339-WQH-MDD, 2022 LEXIS 141039 (S.D. Cal. 2022), Mr. Swigart's requested hourly rate for this Action and before this District is $595.00. *Id*. In addition to Mr. Swigart's extensive experience and achievements are declarations, attached as exhibits to Mr. Swigart's declaration, from experienced consumer rights litigators in California. *Id*. Each of the supporting declarations are from attorneys who are personally familiar with Mr. Swigart's legal experience and skill, who testify that the hourly rate of $595.00 is appropriate for Mr. Swigart's time expended in this Action. *Id*. Mr. Swigart is highly experienced in consumer rights litigation and has a profound level of skill and reputation in this field to justify the hourly rate requested.

Finally, Mr. Swigart was an essential part of this litigation team assisting Mr. Barry

on California law and practice issues related to the Defendant's location, as well as a trusted expert in consumer litigation.

### E.     PROPORTIONALITY IS NOT A FACTOR TO BE CONSIDERED.

Plaintiff anticipates that Defendant may erroneously argue that the size of Plaintiff's recovery should be considered in determining a reasonable attorney fee award. This should not be a factor at all as the amount of attorneys' fees awarded is not required to be proportionate to the amount of damages recovered. *See Loggins v. Delo*, 999 F.2d 364, 368 (8th Cir. 1993) (acknowledging that "proportionality between the amount of damages and fee awards was not required"). To the contrary, a court may abuse its discretion by applying proportionality to an attorney fee award. *See Jordan v. Transnational Motors*, Inc., 537 N.W.2d 471 (Mich. Ct. App. 1995).

The U.S. Supreme Court has previously considered the question of proportionality in attorney fee awards and rejected the proposition that "fee awards under section [42 U.S.C.] 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). The Supreme Court went on to reason that:

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting section 1988.

*Id.* Similarly, in the context of the Fair Credit Reporting Act (FCRA), the Fourth Circuit held:

> Since there will rarely be extensive damages in an FCRA

action, requiring that attorney's fees be proportionate to the amount recovered would discourage vigorous enforcement of the Act.

*Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 974 (4th Cir. 1987).

The proportionality argument was also rejected in this district in an FDCPA case, *Armstrong v. Rose Law Firm, P.A.*, *supra*, where the defendant contended that awarding the plaintiff $40,000 in fees would create a windfall since the Plaintiff's damages totaled only $1,000. The court found that the plaintiff did not choose to create the disparity, and although the defendant had a right to aggressively defend the case, doing so caused a large amount of litigation and greatly increased the number of hours the plaintiff's attorney had to expend. *Id.*; *see also Bankey v. Phillips & Burns, LLC*, Civ. No. 07-2200, 2008 WL 2405773, *1, *6 (D. Minn. June 11, 2008) (awarding $28,770.50 in attorney fees and $4,859.90 in costs after plaintiff accepted an offer of judgment of $2,500 for an FDCPA violation); *see also Phenow*, Civ. No. 10-2113 (D. Minn. March 1, 2011), *supra* (awarding $10,714.00 in attorney fees and $412.70 in costs after plaintiff accepted an offer of judgment for $1,000 after an FDCPA violation).

Accordingly, this Court should not consider proportionality, but rather Congress' intent in creating the fee-shifting provision of the FDCPA and the goals sought to be achieved in regard to consumer protection. Since Plaintiff prevailed on his claim, and the lodestar is an accurate representation of hours expended in his case, this Court should award the full amount of attorneys' fees requested.

## F.     COUNSEL'S EXPOSURE TO FINANCIAL RISK.

Plaintiff's counsel took this case on a contingent fee basis, exposing themselves to significant risk, fronting the cost of litigation without any guarantee of eventually prevailing.  *See In re Xcel*, 364 F.Supp.2d 980, 994 (D. Minn. 2005) ("Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees."). This case was undertaken with no assurance of a favorable outcome.  *See In Re Xcel*, 364 F.Supp.2d at 994-95 (risk is an important factor because trial and judicial review are unpredictable and positive results are not guaranteed); *Yarrington*, 697 F.Supp.2d at 1062-63 (D. Minn. 2010) (significant risk because "no assurance of a favorable outcome"); *Khoday*, 2016 WL 1637039, *9 (same). The legal and factual issues were novel and complex as they involved the application of both federal and state law. Thus, this factor also weighs in favor of the fees requested by counsel. Plaintiff respectfully requests this Court similarly find that significant risks were undertaken by Plaintiff's counsel and that such risks support the reasonableness of his attorney fee and costs award.

## G.     QUALITY OF REPRESENTATION.

The skill and extensive experience of counsel in complex litigation is relevant in determining fair compensation.  *Khoday*, 2016 WL 1637039 at *10 (citing *In re Xcel*, 364 F.Supp.2d at 995).  Plaintiff's counsel was able to bring this case to a fair and reasonable resolution by promptly accepting the Defendant's Offer of Judgment.  The quality of the representation provided by Plaintiff's counsel is another factor that supports the

reasonableness of the requested fees.

## H.     TIME AND LABOR INVOLVED.

Plaintiff's counsel has expended significant hours representing the interests of the Plaintiff. Counsel met with Plaintiff on numerous occasions via Zoom, phone, email and text, in preparation for drafting the pleadings. Plaintiff's counsel used technological resources to a maximum to meet his obligation under Rule 1, by litigating efficiently and inexpensively, and cooperated with Defendant to reach a speedy, fair, adequate, and reasonable resolution. Therefore, Plaintiff's counsel respectfully requests this Court adopt the same rationale to the case as the time and effort expended by Plaintiff's counsel supports the request for fees and costs.

## I.     PLAINTIFF'S REQUESTED RECOVERY OF COSTS

Plaintiff further seeks recovery of all costs incurred by Plaintiff throughout the prosecution of this Action. 49 U.S.C. Section 20109(e)(2)(C) provides for recovery of "litigation costs" and "expert witness fees." Taxable costs are likewise recoverable under Federal Rule of Civil Procedure, Rule 54(d)(1), and pursuant to the District of Minnesota Local Rule 54.3. Taxable costs include:

> (1) fees of the clerk;
> (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) fees and disbursements for printing and witnesses;
> (4) fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) docket fees under section 1923 of this title; and
> (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff's claims under the FDCPA, FCRA, and DPPA further permit Plaintiff to recover all costs reasonably incurred in the prosecution of this Action. *See* 15 U.S.C. § 1692k(a); 15 U.S.C. § 1681n(a); 18 U.S.C. § 2724(b)(3).

To date, the costs incurred by Plaintiff and Plaintiff's counsel in prosecuting this action are set forth below:

| Cost Category | Amount |
|---|---|
| Necessary Deposition Fees | $5,414.00 |
| Courier Fees | $412.00 |
| Filing Fees of the Clerk | $602.00 |
| Travel Expenses | $100.00 |
| Social Medial Investigation Fees | $679.66 |
| **Total** | $7,207.66 |

Plaintiff's Necessary Deposition Fees may be recoverable as either taxable or non-taxable costs insofar as the taking of the deposition of Michael Martinez ("Mr. Martinez"), the Chief Financial Officer and Corporate Director of Defendant, was critical and decisive as as culminating event in this Action. *Decl. Barry* ¶¶ 23 – 30. Electronically recorded transcript costs may be recoverable as taxable costs. *Stanley v. Cottrell, Inc.*, 784 F. 3d 454, 466-67 (8th Cir. 2015) (upholding district court's award for costs of both printed and electronically recorded transcripts of a deposition because it was not unnecessarily obtained) *Lewis v. Heartland Inns of Am., L.L.C.*, 764 F. Supp. 2d 1037, 1049 (S.D. Iowa 2011) (finding video deposition was necessarily obtained for use in the case and awarding its costs). "Just because a video deposition was not ultimately used at trial does not mean its cost was unreasonable." *Sanders v. BNSF Railway Co.*, No. 17-cv-5106-ECT-JFD, 2022

WL 17414504, at *15 (D. Minn. Dec. 5th, 2022).

Specifically, the Deposition of Mr. Martinez and the information obtained therein provided the very basis for filing Plaintiff's Motion for Summary Judgment on April 25, 2023. (Dkt. # 39). *Decl. Barry* ¶25. That motion for summary judgment prompted Defendant's service of the Offer of Judgment that essentially ended this litigation. The video deposition of Mr. Martinez was therefore reasonably necessary as many of the exhibits entered during the deposition were audio and video exhibits. These types of exhibits and the responses to them could only be accurately reflected by video. *Decl. Barry* ¶ 29. Mr. Martinez's deposition transcript was attached to Plaintiff's Motion for Summary Judgment and was cited a total of 29 different times in the Memorandum of law filed in support thereof. (Dkt. # 41). In response to the Motion for Summary Judgment filing, Defendant provided Plaintiff with a Rule 68 Offer of Judgment on May 2, 2023. *Decl. Barry* ¶27. Each of Plaintiff's fees were reasonably incurred during litigation of this Action, and led to the resolution and termination here.

## IV.    CONCLUSION

Based upon the foregoing facts, law and arguments of counsel, Plaintiff respectfully requests that this Court GRANT his Motion for Attorneys' fees and Costs at the requested lodestar rates and ORDER that Defendants pay to Plaintiff and his counsel as follows:

a)    Reasonable attorneys' fees in the amount of $120,033.00;

b)    Costs in the amount of $7,207.66;

c)    Statutory, compensatory, actual and/or punitive damages to Plaintiff of

$10,000 pursuant to the terms of Defendant's offer of judgment; and,

d)      any such further relief as it deems just and equitable.

Respectfully submitted,


Dated: May 26, 2023                    **THE BARRY LAW OFFICE, LTD**

By:  s/ Peter F. Barry
Peter F. Barry, Esq.
Attorney I.D.#0266577
333 Washington Ave No, Suite 300-9038
Minneapolis, MN 55401-1353
Telephone:  (612) 379-8800
pbarry@lawpoint.com


**SWIGART LAW GROUP, APC**

Joshua B. Swigart, Esq.
*Admitted Pro Hac Vice*
California SBN 225557
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
Josh@SwigartLawGroup.com

***Attorneys for Plaintiff***