# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Kelly,<br><br>　　　　Plaintiff,<br>v.<br><br>United Payment Center, Inc.,<br><br>　　　　Defendant. | Case No.: 0:22-cv-1799-ECT-DLM<br><br>**DECLARATION OF JOSH B. SWIGART IN SUPPORT OF PLAINTIFF BRIAN KELLY'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

　　　　I, Joshua B. Swigart, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746 that the following statements are true:

1.　　I am one of the attorneys for the Plaintiff, Brian Kelly, in this action. I am filing this declaration in support of Plaintiff's motion for Attorney Fees.

2.　　I am licensed to practice law in the States of California, Washington, Washington D.C., Michigan, and Wisconsin. I applied for and was admitted into this judicial district pro hac vice.

3.　　I have personal knowledge of the following facts and, if called upon as a witness, I could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

4.　　I submit this Declaration to present and summarize the time and expense expended by my firm in the representation of Plaintiff in this matter and provide my

experience and qualifications for the purpose of supporting the motion for attorney fees.

5.  I am the principal attorney at the Swigart Law Group, APC.

6.  I was admitted to the State Bar of California in 2003 and have been a member in good standing ever since that time.

7.  I am admitted in every federal district in California and have handled federal litigation in the federal districts of California, including being admitted to the 9th Circuit Court of Appeals and the United States Supreme Court.

8.  I associated into this case after it was filed to assist with the litigation, discovery, and ultimately trial, if necessary.

9.  A copy of my time records evidencing the time I spent litigating this matter is attached to this declaration. My time records are presented in two separate exhibits. **Exhibit A** is a true and correct copy of the time spent on this matter from January 6, 2023 through March 29, 2023 totaling $4,284. This portion of my billing was prepared prior to the conclusion of this matter and sent to counsel for Defendant at its request.

10. **Exhibit B** is a true and correct copy of the time spent on this matter from March 30, 2023, through May 18, 2023, totaling $7,854.

11. Attached hereto as **Exhibit C** is a true and correct copy of each of the paralegal service fees and time spent by my law firm on this matter totaling $9,855.

12. The total amount billed my law firm spent on the prosecution of this matter, through resolution, is therefore $21,993.

13. The hourly rate in which I seek approval from the court is $595 per hour. The paralegal service fees incurred are at a rate of $225 per hour.

14. Thus, the lodestar which I am seeking, as counsel for Plaintiff is as follows:

| | | |
|---|---|---|
| **Attorney Time** | 20.4 Hours | $ 12,138 |
| **Paralegal Time** | 43.8 Hours | $  9,855 |
| **Total Lodestar** | | **$ 21,933** |

for a total fee request from the Swigart Law Group, APC.

15. Additionally, I am requesting reimbursement for $100 in costs incurred through the filing of my pro hac vice application with this Court.

## Background and Experience

16. Since my admission to the State Bar of California in 2003, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, class action litigation under the Telephone Consumer Protection Act, California's invasion of privacy statutes pursuant to Penal Code § 630 et seq., false advertising actions concerning consumer products and the Fair Credit Reporting Act.

17. A summary of notable cases I have been involved in where notable decisions were issued are as follows:

a. *Knell v. FIA Card Services, N.A.*, et al., 12-CV-426 AJB(WVG)(S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,750,000. Counsel obtained final approval on August 15, 2014);

b. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,600,000. Finally approved on November 6, 2014);

c. *Zaw v. Nelnet Business Solutions, Inc., et al.*, C 13-05788 RS (N.D. Cal. 2014) (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $1,188,110. Final approval granted on December 1, 2014);

d. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008) (Allowing the original plaintiff who lacked standing in a class action to conduct precertification discovery of the identities of potential plaintiffs with standing);

e. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011) (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code §632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

f. *Engelen v. Erin Capital Management*, LLC, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB) (Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

g. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPCWVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

h. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPCNLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

i. *Iniguez v. The CBE Group, Inc.,* 13-CV-00843-JAM-AC, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.) (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS);

j. *Catala v. Resurgent Capital Servs., L.P.,* 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.) (Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

k. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted sua sponte in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country;

l. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005) (Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. §1692g(a) of the FDCPA and Cal. Civ. Code Åò1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m. *Forsberg v. Fid. Nat'l Credit Servs.,* 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004) (Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA);

n. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005) (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o. *Geoffroy, et al. v. Washington Mutual Bank*, 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers*, 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes);

r. *Myers v. LHR, Inc.,* 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp.,* 578 F. Supp. 2d 1251 (2008) (Holding a debtor's claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Owings v. Hunt & Henriques, et al*., 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.) (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

o. *Geoffroy, et al. v. Washington Mutual Bank*, 484 F. Supp. 2d 1115 (S.D. Cal. 2007) (Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc) (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers*, 2008 U.S. Dist. LEXIS 68575 (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes);

r. *Myers v. LHR, Inc.,* 543 F.Supp.2d 1215 (2008) (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp.,* 578 F. Supp. 2d 1251 (2008) (Holding a debtor's claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Owings v. Hunt & Henriques, et al*., 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.) (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

u. *Heathman v. Portfolio Recovery Assocs.,* LLC, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013) (Holding that failing to properly list and disclose the identity of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e);

v. *Stemple v. QC Holdings, Inc.,* 12-cv-01997-BAS-WVG (S.D. Cal. Nov. 7, 2016) (TCPA action finally approved for $1,500,000);

w. *Abdeljalil v. GE Capital Retail Bank*, 12-cv-02078−JAH−MDD (S.D. al.) (Class Certification granted and finally approved for $7,000,000);

x. *Calderon v. The Wolf Firm*, SACV16-1266 JLS (JESx), 2018 U.S. Dist. LEXIS 42054 (C.D. Cal. March 13, 2018) (FDCPA class action preliminarily approved on March 13, 2018);

y. *Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239 (C.D. Cal. June 27, 2017) (Order certifying nationwide TCPA class action);

z. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Sup. Ct. San Luis Obispo) (RFDCPA class action finally approved on October 30, 2017);

aa. *Moreno-Peralta v. TRS Recovery Services, Inc.,* 2017 Cal. Super. LEXIS 548 (Sup. Ct. San Luis Obispo Oct. 10, 2017) (RFDCPA class action preliminarily approved);

bb. *Maxin v. RHG & Company, Inc.,* 16-cv-2625 JLS (BLM) (S.D. Cal.) (Supplement Misrepresentation class action finally approved on February 16, 2018);

cc. *McPolin v. Credit Service of Logan*, 2017 U.S. Dist. LEXIS 189236, 16-cv-116 BSJ (Utah District Court) (FDCPA class action with consumers to each receive $1,428.57, debt relief, and tradeline deletion finally approved on November 9, 2017);

dd. *Giffin v. Universal Protein Supplements Corp.*, 2018 Cal. Super. LEXIS 3, BC613414 (Sup. Ct. Los Angeles) (Supplement misrepresentation class action finally approved on February 7, 2018);

ee. *Anderson v. Phoenix Financial Services, LLC, et al.,* BCV-16-101385, 2018 Cal. Super. LEXIS 1030 (Kern Sup. Court) (FDCPA class action finally approval on July 23, 2018);

ff. *Moreno-Peralta v. TRS Recovery Services, Inc.,* 15CV-0481 (San Luis Obispo Superior Court (RFDCPA class action finally approved on July 19, 2018);

gg. *Reid v. I.C. System Incorporated*, CV-12-2661 PHX ROS, 2018 U.S. Dist. LEXIS 125663 (D. Ariz. July 26, 2018) ($3,500,000.00 TCPA Class Settlement Finally Approved on July 26, 2018);

hh. *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) (Landmark case in the 9th Cir. where the Court held to expand the definition of an automatic telephone dialing system by holding that an

ATDS is any "equipment which has the capacity to 1) store numbers to be called or 2) to produce numbers to be called, using a random or sequential number generator – and to dial such numbers automatically).

ii. *McCurley v. Royal Seas Cruises, Inc.,* 17-cv-00986-BAS-AGS (S.D. Cal. 2019) (Granting Plaintiff's class certification (in part) pursuant to F.R.C.P. 23, under the Telephone Consumer Protection Act).

jj. *Rendon v. Cherry Creek Mortgage, LLC et al.,* 22-cv-01194-DMS(MSB) (S.D. Cal. 2022) (FCRA class action, where we obtained a novel ruling denying defendant's motion to dismiss the class action allegations for violations of the FCRA due to lack of standing. This was the first order in the Southern District to address the issue of standing post *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021)).

## ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

18. I have undergone extensive training in the area of consumer law. The following is a list of recent training conferences I attended:

   a. National Consumer Law Conference; Oakland, CA – 2003;

   b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;

   c. National Consumer Law Conference; Boston, MA – 2004;

   d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA –2005;

e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;

f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;

g. Four-day National Association of Consumer Advocates Conference

h. Minneapolis, MN – 2005;

i. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

j. Three-day National Consumer Law Center Conference; Portland, OR - 2008;

k. Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

l. Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

m. Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

n. Three-day National Consumer Law Center Conference; Seattle, WA -2011;

o. Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

p. Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

q. National Consumer Law Center Conference, National Convention; Baltimore, MD - 2013;

r. Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

s. Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

t. Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

u. Guest Speaker at California Western School of Law; Consumer Law class - 2014;

v. 8th Annual Class Action Seminar; San Francisco, CA – 2014;

w. Speaker regarding class actions at the NCLC National Conference held in Anaheim, CA in 2016.

x. Wisconsin State Bar Convention, Lake Geneva, Wisconsin – 2018;

y. Lawyer/Pilot Bar Association Convention, Lake Tahoe, California – 2018;

z. Wisconsin State Bar Convention, Green Bay, Wisconsin – 2019;

aa. Speaker at Swigart Law Group Attorney Round Table, San Diego, California – 2023

19. I am a member in good standing of the following local and national associations:

a. Federal Bar Association; Southern District of California Chapter (through 2021);

b. San Diego County Bar Association

c. Wisconsin Bar Association

d. Enright Inns of Court (2011-2014);

e. Lawyer/Pilot Bar Association (through 2020).

**COUNSEL'S FEE REQUEST**

20. As counsel for Plaintiff, my law firm is seeking $21,993 from Defendant to cover my reasonable attorney fees incurred in this case, in addition to the fees sought by Mr. Barry's law firm.

21. Through May 18, 2023, I have billed the hours and rates shown in Exhibit A-C litigating this case and engaged in litigation activities attributable to Defendant.

22. The rates used to calculate my attorneys' fees in this case are current 2022-2023 rates but greatly reduced for this federal district. I primarily practice in the Southern District of California, and my hourly rate of $795.00 was most recently approved and re-affirmed in the final approval order in *Greenley et al. v. Mayflower Transit, LLC,* 21-cv-339-WQH-MDD; (2022 U.S. Dist. LEXIS 141039; S.D Cal. 2022)(The court conducted an analysis of counsel's lodestar along with the claim for fees under the common fund approach. In determining the lodestar for analysis the Court relied upon and accepted the proffer of an hourly rate of $795).

23. I currently have a fee petition pending in the matter of *Lardizabal v. Arvest Central Mortgage Company* where I am asking for my hourly rate to be approved, again, at $795 an hour. (*See Lardizabal v. Arvest Central Mortgage Company, et al.*; 22-cv-345 MMA(BLM)).

24. I periodically establish hourly rates for all billable personnel in my firm. We set rates based on our regular and on-going monitoring of prevailing market rates in the San Diego Area for attorneys of comparable skill, experience, and qualifications. In doing so, we obtain information concerning market rates from other attorneys in the area who perform comparable litigation, including the prosecution or defense of complex and/or class action litigation, from conversations with attorneys who are involved in fee litigation, from reviewing fee applications that are submitted in other cases (which report the billing rates of attorneys practicing in other firms), and the orders approving or disapproving them. We set the billing rates for our firm to be consistent with prevailing market rates in the private sector in the San Diego area for attorneys of comparable skill, qualifications and experience, but not at the higher or more aggressive end of the spectrum despite our belief that our work product and efficiency and general quality of representation is at the upper end of that continuum.

25. Specifically, Judge Allison H. Goddard recently issued an order establishing reasonable rates for federal practitioners in the Southern District of California. Specifically, the order provides the reasonable rate for federal practitioners with similar experience to me at $1,260.00 per hour. *Orthopaedic Hospital v. Encore Medical, L.P*, 3:19-cv-00970-JLS-AHG, 2021 WL 5449041(S.D. Cal. Nov. 19, 2021).

26. Given that I have nearly 20 years of substantial litigation experience, including serving as lead or co-lead counsel in complex consumer rights, consumer protection and privacy class actions, I am as qualified as the lead trial counsel in *Orthopaedic*, and therefore, I feel I could establish that a reasonable rate for may services is $1,260.00 per hour.

27. However, after conferring with co-counsel and conducting additional research on the issue of local rates, I have determined that an hourly rate in this district for an attorney with my tenure and experience is $595 per hour. Therefore, I am not requesting my customary hourly rate requested in other matters but am requesting approval of this reduced hourly rate for this case.

28. Although, I am qualified and could establish a higher rate due to my experience and superb legal knowledge in consumer related litigation, the goal is not to saddle Defendant with the most aggressive hourly rate, but only to reasonably compensate myself and my firm for the legal work expended in litigating this matter.

29. My hourly rate is in line, and slightly below other attorney rates in this district with similar experience and expertise.

30. Using reasonable billing discretion, I delegated certain work to our paralegal, who bills at a lower rate. Currently, we bill our paralegal at the hourly rate of $225.00. Attached as Exhibit C is a true and correct copy of the time sheets from my paralegal who worked on this matter.

31. I have been careful to excise any duplicated efforts by co-counsel. This attorney fee request is supported by the lodestar review and applicable case law. My extensive experience in consumer rights litigation, class actions, as well as my review of similar actions support my conclusion that the fee request is reasonable and in line with the common practice when ordering attorney fees.

32. The attached **Exhibit D** is a true and correct copy of the supporting declaration of Daniel G. Shay, Esq. who is personally familiar with my legal experience and skill and who declares that the hourly rate of $595.00 is appropriate for my time expended in this Action.

33. The attached **Exhibit E** is a true and correct copy of the supporting declaration of Roberto C. Robledo, Esq. who is personally familiar with my legal experience and skill and who testifies that the hourly rate of $595.00 is appropriate for my time expended in this Action.

34. The attached **Exhibit F** is a true and correct copy of the supporting declaration of Kevin T. Lemieux, Esq. who is personally familiar with my legal experience and skill and who declares that the hourly rate of $595.00 is appropriate for my time expended in this Action.

35. The attached **Exhibit G** is a true and correct copy of the supporting declaration of Matthew Loker, Esq. who is personally familiar with my legal

experience and skill and who declares that the hourly rate of $595.00 is appropriate for my time expended in this Action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Respectfully submitted,

Dated: May 26, 2023

**SWIGART LAW GROUP, APC**

Joshua B. Swigart, Esq.
*Admitted Pro Hac Vice*
California SBN 225557
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
Josh@SwigartLawGroup.com

***Attorney for Plaintiff***